IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN LAMAR VAUGHN, ) | |
| AIS #272806, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-453-RAH |
| ) | |
| TRACY JONES, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Stephen Lamar Vaughn, a state inmate currently incarcerated at the Kilby Correctional Facility due to his violation of parole, against Tracy Jones, a parole officer, and the Alabama Pardons and Paroles.[1] In this complaint, Vaughn challenges the constitutionality of his confinement as violative of due process and state law because he has not yet been provided a parole revocation hearing.  Doc. 1 at 2.  Vaughn seeks declaratory relief and monetary damages from the defendants.  Doc. 1 at 3.

---

[1] The court presumes this defendant references the Alabama Board of Pardons and Paroles as this is the entity which exercises exclusive authority over inmates on parole, and in the interest of clarity, will henceforth refer to it as such in this Recommendation.

Upon thorough review of the complaint, the undersigned finds that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II.  DISCUSSION

### A. The Alabama Board of Pardons and Paroles

Initially, insofar as Vaughn seeks relief from the Alabama Board of Pardons, the court finds that this board is an extension of the State, and, as such, is absolutely immune from suit.  As the Eleventh Circuit has held,

> the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies [or boards]. There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity. A State's consent to suit [via waiver of immunity] must be unequivocally expressed in the text of [a] relevant statute. Waiver may not be implied.  Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848–49 (11th Cir. 2015) (internal quotation marks

---

[2]This court granted Vaughn leave to proceed *in forma pauperis* in this case.  Doc. 5.  Even though Vaughn submitted  payment of an initial partial filing fee, the court remains obligated to screen the complaint for possible summary dismissal.  28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case" for the reasons set forth herein.). Specifically, the screening procedure requires the court to "dismiss the case at any time if the court determines that— . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); *see also* 28 U.S.C. §§ 1915A(b)(1)-(2) ("On review [of a prisoner's complaint], the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint— . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief.").  Under both of these code sections, a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (holding that district court properly dismissed claim as frivolous where it was "without arguable merit either in law or fact.").  Furthermore, a claim is frivolous as a matter of law where, for instance, the defendants are immune from suit.  *Neitzke,* 490 U.S. at 327.

and citations omitted); *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State consents to suit or Congress has abrogated the State's immunity, which has not occurred, the plaintiff cannot proceed against it as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt . . . that suit against the State and its Board of Corrections [or any other state board] is barred by the Eleventh Amendment, unless Alabama has consented to the filing of such a suit."). "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it." *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence*, Ala., 916 F.2d 1521, 1525 (11th Cir. 1990)). Thus, Vaughn's claims for relief against the Alabama Board of Pardons and Paroles are due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

### B.  The Challenge to Incarceration

Vaughn complains he has not been provided a parole revocation hearing and his incarceration for a violation of parole is therefore improper. Doc. 1 at 2. Specifically, Vaughn alleges his incarceration is a violation of his constitutional right to due process and state law because a parole revocation hearing did not occur within twenty (20) business days as directed by Ala. Code § 15-22-32(a) which, in turn, requires his release back to parole.[3] In accordance with well-established law, Vaughn is entitled to no relief on his

---

[3]This code section provides as follows:
> Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his or her parole, the Board of Pardons and Paroles, at its next meeting, may declare the prisoner to be delinquent, and time owed shall date from the delinquency. The Department of Corrections, after receiving notice from the sheriff of the county jail where

complaint as it challenges the fundamental legality of his current incarceration. *Edwards v. Balisok,* 520 U.S. 641 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

In *Heck*, the Supreme Court held that a complaint challenging the legality of a prisoner's conviction or sentence and seeking monetary damages for relief is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of [the basis for his incarceration.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an action in which declaratory or injunctive relief is sought. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or other judgment on which his incarceration is based]; if he makes allegations

---

the state prisoner is being held, shall promptly notify the board of the return of a paroled prisoner charged with violation of his or her parole. Thereupon, the board, a single member of the board, a parole revocation hearing officer, or a designated parole officer shall hold a parole court at the prison or at another place as it may determine within 20 business days and consider the case of the parole violator, who shall be given an opportunity to appear personally or by counsel before the board or the parole court and produce witnesses and explain the charges made against him or her. The board member, parole revocation hearing officer, or a designated parole officer, acting as a parole court, shall determine whether sufficient evidence supports the violation charges. If a hearing is not held within the specified 20 business days, the parolee shall be released back to parole supervision.

that are inconsistent with the [decision] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citing *Balisok*, 520 U.S. at 646–48).

The law directs that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and [a ruling in his favor would result in] immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The "sole remedy in federal court" for a state prisoner challenging the constitutionality of his incarceration is a petition for writ of habeas corpus. *Balisok*, 520 U.S. at 645; *Okoro*, 324 F.3d at 490 (noting *Heck* directs that a state inmate "making a collateral attack on the [basis for his confinement] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996). Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge." *Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that the "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). The Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Balisok*, 520 U.S. at 649. "Later, in *Wilkinson v. Dotson,* 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court reviewed its prior holdings in this area and summarized that 'a state prisoner's

§ 1983 action is barred (absent previous invalidation [of his conviction or sentence])—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.' *Id.* at 81–82, 125 S.Ct. at 1248." *Robinson v. Satz*, 260 F. App'x 209, 212 (11th Cir. 2007) (alterations in original); *see Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir.1997) (stating that *Heck* applies to any suit "premised . . . on the invalidity of confinement pursuant to some legal process[.]"). The principles espoused in *Heck* and *Balisok* foreclosing review of claims challenging the basis of confinement in a 42 U.S.C. § 1983 action therefore apply when an inmate is challenging his confinement due to a violation of parole and have been so applied by the courts. *See Green v. McGill-Johnston*, 685 F. App'x 811, 812 (11th Cir. 2017) (holding that Plaintiff's "allegations, if proven true, would have necessarily implied the invalidity of his parole revocation . . . and his resulting imprisonment. . . . Because [Plaintiff's] allegations would imply the invalidity of his confinement, the *Heck*-bar applies and [Plaintiff's] § 1983 claims must be dismissed."); *White v. Gittens*, 121 F.3d 803, 807 (7th Cir. 1997) ("A favorable decision in the § 1983 proceeding would necessarily call into question the validity of the state's decree revoking [Plaintiff's] parole and ordering him back to prison. *Heck* therefore applies, and the § 1983 action is not cognizable in a federal court . . . unless the parole revocation 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.'") ; *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995)

6

(holding that the district court properly dismissed Plaintiff's § 1983 complaint challenging the revocation of his parole where the challenged "decision has not been reversed, expunged, set aside, or called into question, as *Heck* mandates."); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir.), *cert. denied*, 516 U.S. 851 (1995) (holding that "*Heck* applies to proceedings that call into question the fact or duration of parole."); *Holt v. Gibbs*, 2009 WL 111643, at *2 (M.D. Ga. Jan. 14, 2009) ("*Heck* applies to parole and probation revocation proceedings.") (citing *Vannoy*, *supra*).

It is clear that the action of parole officials which forms the basis for Vaughn's current incarceration as a parole violator has not been reversed, expunged, impugned or invalidated in an appropriate state or federal action. Thus, under the circumstances of this case, *Heck* and its progeny bar Vaughn's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his incarceration. *Heck*, 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the [basis for his incarceration] is reversed, expunged, invalidated, or impugned by the grant of a [federal] writ of habeas corpus [or some appropriate state court action]."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Hence, Vaughn's due process challenge to the fundamental legality of his current imprisonment is not cognizable in this civil action as it

provides no basis for relief at this time and this challenge is therefore due to be summarily dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).[4]

### C. Supplemental Jurisdiction

Insofar as Vaughn seeks relief for a violation of state law, review of this pendent state law claim is appropriate only upon exercise of this court's supplemental jurisdiction. In the posture of this case, however, the court concludes that exercise of supplemental jurisdiction over Vaughn's state law claim is inappropriate.

> Two factors determine whether state law claims lacking an independent federal jurisdictional basis can be heard in federal court with a federal claim over which the court has jurisdiction. To exercise pendent jurisdiction [or what is now identified as supplemental jurisdiction] over state law claims not otherwise cognizable in federal court, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir.1981) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). *See generally* C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3567 pp. 443–47 (1975).

*L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The exercise of supplemental jurisdiction is completely discretionary. *Gibbs*, 383 U.S. at 725–26; *see also* 28 U.S.C. § 1367(c)(3) (provides a district court discretion to "decline to exercise supplemental jurisdiction over a claim . . . [when] the district court has dismissed all claims over which it has original jurisdiction[.]"). "If the federal claims are dismissed

---

[4]Vaughn is advised that any federal petition for writ of habeas corpus that he files is subject to the procedural limitations imposed upon such petitions, in particular, the exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus [filed] on behalf of a [state inmate] shall not be granted unless it appears that . . . the applicate has exhausted the remedies available in the courts of the State[.]").

prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428.

In view of the resolution of the federal claim presented by Vaughn, the court concludes that the pendent state law claim regarding the alleged untimeliness of the parole revocation hearing is due to be dismissed without prejudice. *Gibbs*, 383 U.S. at 726 (if the federal claims are dismissed prior to trial, the state claims should be dismissed as well); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982). The court therefore declines to exercise supplemental jurisdiction over the state law claim and makes no determination with respect to the merits of this claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Alabama Board of Pardons and Paroles be DISMISSED with prejudice under the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii) as this defendant is absolutely immune from suit.

2. The plaintiff's due process claim challenging the fundamental legality of his current incarceration as a parole violator be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) because such claim currently provides no basis for relief in the instant cause of action.

3. The plaintiff's pendent state law claim be DISMISSED without prejudice to any right the plaintiff may have to present this claim to the state courts as this court deems it inappropriate to exercise supplemental jurisdiction over this claim.

4. This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

On or before **July 30, 2020**, the plaintiff may file objections to this Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 16th day of July, 2020.

      /s/   Charles S. Coody
      UNITED STATES MAGISTRATE JUDGE